RICHARD ROE, casual ejector, and ALEXANDER SCRANTON and THOMAS BARNES, tenants in possession, plaintiffs in error, vs. JOHN DOE and STEPHEN COLLINS, and others, defendants in error.

The plaintiffs having recovered one-half of the premises in dispute, and there being newly discovered evidence showing that they were not entitled to that much, a new trial ought to have been granted.

Ejectment.   In Glynn Superior Court.   Tried before Judge Sessions, June, 1860, and Motion for New Trial decided at October Term, 1860.

This action was by the defendants in error against the plaintiffs in error. The plaintiffs below claimed title through James Dunwoody, of McIntosh county, as one of the heirs at law of James Dunwoody, of Liberty county, the alleged grantee from the State.   On the trial there was no evidence tending to show that the heirs of the grantee were more than two in number.   The jury rendered a verdict in favor of the plaintiffs, for one-half of the premises in dispute. This was at the sitting of the Court in June, 1860.

The defendants moved for a new trial, on twelve grounds : one of them, the 11th, being for newly discovered evidence touching the identity of the premises, and touching, also, certain acts of ownership exercised by the defendants.   At the next October term, the motion being yet undisposed of this ground was amended ; the discovery of further testimony, that of John Gignilliatt, being added thereto.

In support of the ground as amended, the affidavit of Gignilliatt was produced, to the effect that James Dunwoody, of Liberty county, left at his death two sons and one daughter.   Scranton, one of the defendants, made affidavit that he had discovered this testimony, and that he did not know, at the time of the trial, that he could procure such from that witness.

The refusal of a new trial is the error alleged.

HARDEN & GUERARD, for plaintiffs in error.

J. L. & B. F. HARRIS, for defendants.

WALKER, J.

We think it better that there should be a re-hearing in

this case.   Several questions are made by the bill of excep-
tions which we have not considered.      Upon the amend-
ment to the eleventh ground of the motion for a new trial,
we think a new trial should be granted.    The lots in contro-
versy were granted to the elder James Dunwoody, who lived
in Liberty county.  Plaintiff recovered upon a deed from
James Dunwoody, of McIntosh county, who, we under-
stand, was the son of the grantee, an undivided half of the
lots in controversy.   It seems now that there were three
children of the grantee, James Dunwoody the elder; and
that the recovery should, under any view of the case, be for
but one-third.   We think the Court should have granted a
new trial on this ground.

 Judgment reversed.